1  Daniel R. Watkins, Esq.
   Nevada State Bar No. 11881
2  dw@wl-llp.com
   Michael A. DiRenzo, Esq.
3  Nevada State Bar No. 13104
   mdirenzo@wl-llp.com
4  WATKINS & LETOFSKY, LLP
   8935 S. Pecos Rd., Suite 22A
5  Henderson, Nevada 89074
   Office:(702) 901-7553; Fax: (702) 974-1297
6
7  Attorneys for Plaintiff, Patrick Audet

8

9              **UNITED STATES DISTRICT COURT**

10             **DISTRICT OF NEVADA**

11
   PATRICK AUDET,                          Case No.:  2:21-cv-01897
12
                    Plaintiff,
13
   vs.                                     **COMPLAINT FOR DAMAGES**
14
   EATON CORPORATION a Foreign             **(DEMAND FOR JURY TRIAL)**
15 Corporation; AND DOES 1-50,
16                 Defendants.

17

18        COMES NOW, Plaintiff, Patrick Audet (herein "Plaintiff") and files this civil action

19 against Defendants, and each of them, for violations of The Americans with Disabilities Act, 42

20 U.S.C. §12101 et. seq., Title VII of the Civil Right Act of 1964, as amended (42 USC §2000e et

21 seq.); The Age Discrimination in Employment Act (29 U.S.C. §621 et seq.); as well as violations

22 under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking

23 damages, and alleges as follows:

24 ///

25 ///

26 ///

27 ///

28 ///

                              **COMPLAINT**
                                  -1-

## JURISDICTION AND VENUE

1.      This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e-5(f)(3), which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2.      Jurisdiction of this Court is also appropriate under 42 U.S.C. §§ 1981 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada law.

3.      Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Plaintiff has exhausted his administrative remedies.

5.      All conditions precedent to jurisdiction under section 42 U.S.C. §12101 et seq. have occurred or been complied with:

a.   A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein.

b.   A Notice of Right to Sue in Federal Court was received from the EEOC, dated July 16, 2021. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6.      This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7.      Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//

**PARTIES**

8.     Plaintiff, Patrick Audet (hereinafter "Plaintiff" or "Mr. Audet"), was a qualified/eligible "employee" of Defendant, Eaton Corporation, within the meaning of the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101 *et seq.*); Title VII of the Civil Right Act of 1964, as amended (42 USC §2000e et seq.); The Age Discrimination in Employment Act (29 U.S.C. §621 et seq.); and under Nevada law.

9.     Defendant, Eaton Corporation (hereinafter "Defendant" or "Eaton"), a foreign corporation, is a corporation qualified to do business in Nevada.   Defendant employs 15 or more employees and is an "employer" within the meaning of the Americans with Disabilities Act of 1990 (42 U.S.C. §§12111 *et seq.*) Title VII of the Civil Right Act of 1964, as amended (42 USC §2000e et seq.); The Age Discrimination in Employment Act (29 U.S.C. §621 et seq.); and related claims under Nevada law.

10.    Plaintiff alleges that this is the proper court because the violations of Nevada law took place in Nevada.

11.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

12.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

//

//

//

**COMPLAINT**

**STATEMENT OF FACTS**

13.     Plaintiff suffers from a genetic disorder that affects his sleep patterns and makes it difficult to wake up early in the morning at times.

14.     Plaintiff began working for Defendant on or about May 7, 2018.

15.     At the time of being hired Plaintiff discussed his condition with his manager who was based in San Diego, California.

16.     In August of 2019, Plaintiff was transferred to a new manager based out of Salt Lake City, Utah.

17.     Plaintiff made numerous attempts to keep his managers apprised of his condition throughout his employment including discussing during his 2018 performance review.

18.     On or about November 2019, Plaintiff was officially diagnosed with a genetic condition referred to as Delayed Sleep Phase Syndrome ("DSPS").

19.     Plaintiff reported his official diagnosis to the Defendant on or about November 2019.

20.     Following the diagnosis, Plaintiff requested not to be assigned to early morning projects due to his condition.

21.     Defendant denied Plaintiff's reasonable request for an accommodation to not be scheduled to work early in the morning.

22.     On or about February of 2020, Plaintiff made another request for accommodation to not have his shifts start before a certain time.  This request was accompanied by medical documentation from Plaintiff's doctor.

23.     Plaintiff's request for an accommodation was again denied and he was urged to take short-term disability for his permanent condition.

24.     Despite numerous requests not to work early in the morning due to Plaintiff's condition, Defendant continued to require Plaintiff to do so.

25.     Plaintiff refused to take short-term disability as it was not a short-term condition.

26.     Defendant continued treat Plaintiff disparately following his refusal to take short-term disability and their refusal to make any accommodation.

**COMPLAINT**
-4-

27.	Plaintiff was discharged on or about June 23, 2020.

28.	At all times relevant to his employment with the Defendant, Plaintiff was over the age of 40 years old.

29.	Following his discharge Plaintiff was replaced by a much younger individual, under the age of 40 years old.

30.	Plaintiff is originally from Canada and identifies his national origin as Canadian.

31.	During his employment with Defendant, Plaintiff was subjected to numerous instances of discrimination for being from Canada and identifying as Canadian.

## COUNT I

### DISABILITY DISCRIMINATION
**Americans with Disabilities Act (42 U.S.C. §12101, et seq.)**
**NV Rev. Stat. §613.330 et seq.**
**(Against Defendants Eaton Corporation and DOES 1-50)**

32.	Plaintiff hereby incorporates the previous paragraphs of this Complaint as though fully set forth herein.

33.	Plaintiff has a disability within the meaning of the Americans with Disabilities Act ("ADA").  Plaintiff suffers from a genetic condition referred to as Delayed Sleep Phase Syndrome ("DSPS").  A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

34.	Plaintiff was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  At all times during his employment Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position with or without reasonable accommodations.

35. Defendant knew, or had reason to know, that (a) Plaintiff has a disability; and (b) Plaintiff was experiencing workplace problems because of the disability.

36. Defendant failed to engage in a reasonable, good faith interactive process with Plaintiff to determine what reasonable accommodations would enable Plaintiff to work, if any. Defendant could have made a reasonable accommodation, if necessary, prior to discharging Plaintiff that would have enabled Plaintiff to perform the essential functions of the job but did not do so.

37. The accommodation request was reasonable and would not have imposed an undue hardship on the operation of Defendant.

38. Defendant failed to engage in the interactive process, failed to determine if it could provide a reasonable accommodation, and therefore, unreasonably failed to offer or provide any other accommodation.

39. Plaintiff's disability was a substantial motivating factor for Defendant's disparate treatment against Plaintiff, and for Defendant's unlawful employment practices that led to Plaintiff's discharge. Defendant's decision to terminate Plaintiff and to treat Plaintiff differently than other employees without disabilities affected his employment, including assignments, discipline, promotion, termination, and benefits.

40. Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant and Defendant's supervisors and Human Resources Department as described above, thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

41. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

42. Plaintiff requests relief as described in the Prayer for Relief below.

//

//

//

//

## COUNT II

### RETALIATION
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 et seq.**
**(Against Defendants Eaton Corporation and DOES 1-50)**

43.     Plaintiff hereby incorporates the previous paragraphs of this Complaint as though fully set forth herein.

44.     Plaintiff engaged in an activity protected under federal and state laws by reporting his disability and for following through with requesting an accommodation.

45.     Plaintiff was subjected to the adverse employment actions described herein because of his attempts to exert his rights under the ADA and NRS 613.330 et seq.

46.     Plaintiff was subjected to the adverse employment actions described herein because of his participation in the protected activity and adverse employment action would not have occurred but for that participation.

47.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has suffered and will continue to suffer pain, humiliation, and emotional distress.

48.     Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

50.     Plaintiff requests relief as described in the Prayer for Relief below.

//
//
//
//
//
//

### COUNT III

**HOSTILE WORK ENVIRONMENT**
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NV Rev. Stat. §613.330 *et seq.***
**(Against All Defendants)**

51.     Plaintiff hereby incorporates the previous paragraphs of this Complaint as though fully set forth herein.

52.     Plaintiff was subjected to verbal comments, was treated unfairly with regards to job duties that were not given to other employees, and was denied his ADA accommodation, and this conduct was based upon Plaintiff's requested ADA accommodation.

53.     The conduct was unwelcome.

54.     The conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive and/or hostile work environment.

55.     This harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

56.     Plaintiff perceived the working environment to be abusive or hostile.

57.     As a direct and proximate result of the harassing and hostile environment of Defendants and their supervisors, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

58.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

59.     Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant described above, thereby ratifying the unlawful conduct of its agents or supervisors.

60.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

//

61.     In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

62.     Defendant's conduct described herein was engaged in by managing agents for Defendant and/or ratified by managing agents.

63.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV

### TITLE VII - DISCRIMINATION
### (NATIONAL ORIGIN)
**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**
**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**
**NV Rev. Stat. § 613.330 *et seq*.**
**(Against Defendants Eaton Corporation and DOES 1-50)**

64.     Plaintiff hereby incorporates the previous paragraphs of this Complaint as though fully set forth herein.

65.     During the course of Plaintiff's employment with Defendant, Defendant, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of his national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

66.     Defendant's unlawful discrimination against Plaintiff included treating Plaintiff differently based on his national origin related to employment, including recruitment, hiring, assignments, discipline, promotion, and benefits.

67.     Plaintiff would not have been discharged but for the fact that he was Canadian. At the very least Plaintiff's national origin was a motivating factor in Defendant's decision to discharge him.

68.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

69.     Defendant, through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant and their Human Resources Department as described above thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

70.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

71.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V

### AGE DISCRIMINATION
**Age Discrimination in Employment Act – 29 U.S.C. §621 *et seq.***
**NRS 613.330 *et seq.***

**(Against Defendants Eaton Corporation and DOES 1-50)**

72.     Plaintiff hereby incorporates the previous paragraphs of this Complaint as though fully set forth herein.

73.     At all times relevant hereto, Plaintiff was over the age of 40 years old.

74.     The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant was in whole or substantial part because of his age and was in violation of the ADEA, 29 U.S.C. §623 and NRS 613.330 et. seq.

75.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's state and federally protected rights.

76.     Defendant, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant as described above and thereby ratified the unlawful conduct of its agents or supervisors.

77.     Plaintiff's age was the sole reason or at the very least a motivating factor for his discharge.

78.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

1    79.     Plaintiff requests relief as described in the Prayer for Relief below.

2                                   **PRAYER FOR RELIEF**

3        WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

4        1.  Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

5        2.  Compensatory Damages;

6        3.  Reasonable attorneys' fees;

7        4.  Punitive Damages;

8        5.  Costs of suit incurred herein; and

9        6.  Such other and further relief as the court deems just and proper.

10

11    DATED this 14th day of October 2021.          WATKINS & LETOFSKY, LLP

12                                                    */s/ Daniel R. Watkins*

13
                                            By:   _____
14                                                Daniel R. Watkins, Esq.
                                                  Michael A. DiRenzo, Esq.
15                                                8935 S. Pecos Rd., Ste. 22A
                                                  Henderson, NV 89074
16                                                Attorneys for Plaintiff, Patrick Audet

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED this 14th day of October 2021.      WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By:      _____
        Daniel R. Watkins, Esq.
        Michael A. DiRenzo, Esq.
        8935 S. Pecos Rd., Ste. 22A
        Henderson, NV 89074
        Attorneys for Plaintiff, Patrick Audet

# Exhibit 1

**NOTICE OF RIGHT TO SUE**
**DATED July 16, 2021**

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

To: **Patrick Audet** ████████████

From: **Los Angeles District Office**
**255 E. Temple St. 4th Floor**
**Los Angeles, CA 90012**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **34B-2021-00400** | **Karrie L. Maeda,** **State, Local & Tribal Program Manager** | **(213) 785-3002** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Karrie L. Maeda
Digitally signed by Karrie L. Maeda
Date: 2021.07.16 14:21:11 -07'00'

July 16, 2021
*(Date Issued)*

**For Rosa M. Viramontes,**
**District Director**

Enclosures(s)

cc: **Richard H. Fearon**
**Director**
**EATON CORPORATION**
**1000 Eaton Blvd.**
**Cleveland, OH 44122**